**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURINDERPAL SINGH, | No. 20-70757 |
| Petitioner, | Agency No. A200-905-629 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2021[**]
San Francisco, California

Before: BERZON, CHRISTEN, and BADE, Circuit Judges.

Gurinderpal Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' decision dismissing his appeal from the

Immigration Judge's (IJ) order denying asylum, withholding of removal, and relief

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.[1]

We review the BIA's decision that an alien has not established eligibility for asylum, withholding of removal, or CAT relief to determine whether it is supported by substantial evidence. *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). To prevail under the substantial evidence standard, the petitioner "must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous." *Cordon-Garcia v. I.N.S.*, 204 F.3d 985, 990 (9th Cir. 2000) (citation omitted).

Substantial evidence supports the IJ's adverse credibility determination. *Ren v. Holder*, 648 F.3d 1079, 1085 (9th Cir. 2011). Singh testified inconsistently about events material to his claim that he was persecuted by members of the Akali Dal Badal Party for his membership in the Shiromani Akali Dal Mann Amritsar Party. *See Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010) ("When an inconsistency is at the heart of the claim it doubtless is of great weight"). First, Singh testified inconsistently about whether he lived in hiding in his family home after the January 18, 2013, attack or whether he went to school. Singh's testimony

---

[1] Because the parties are familiar with the facts, we recite only those facts necessary to decide the petition.

about his father escorting him to school when he had to deliver papers or take tests conflicted with his father's supplemental affidavit, which stated that he accompanied Singh to school on a daily basis. Singh's testimony was also inconsistent and lacking in details as to who was persecuting him, the Akali Dal Badal Party or the Bharatiya Janata Party, why they were persecuting him, and the extent of his political activities in India and the United States. These inconsistencies directly implicate whether he faced or reasonably feared persecution for his political beliefs. *See Manes v. Sessions*, 875 F.3d 1261, 1264–65 (9th Cir. 2017) (holding that an inconsistency that bore "directly" on claim of persecution was "a specific and cogent reason [for] adverse credibility determination").

Second, the space for "date of issue" was left blank on the birth certificate Singh presented, he had no government-issued identification documents with his photograph, and his only identification card was from the Mann party. The IJ correctly noted that Singh provided no other photographic documents that verified his identity. His party identification card is not the equivalent of government-issued identification, and for this reason, the IJ was left in doubt about Singh's identity.

Finally, the IJ did not err by determining that Singh's other corroborating evidence did not rehabilitate his claim because the evidence did little to verify Singh's active participation in the Mann community in California. Singh could not name members of the community, nor the names of their spiritual leaders. Despite the opportunity to procure corroborating evidence, Singh offered only an affidavit that stated he was present and photographed at a single rally over the three to four years he claimed to have been an attendant.

In light of the agency's adverse credibility determination, Singh failed to meet his burden of establishing eligibility for asylum, withholding of removal, and protection under the CAT. *See Shrestha*, 590 F.3d at 1048–49. Singh's CAT claim also fails because he did not testify that he was ever tortured, or feared future torture on return to India, by a government actor or with government acquiescence. *Arrey v. Barr*, 916 F.3d 1149, 1160 (9th Cir. 2019).

**PETITION DENIED.**